**KELLEY DRYE & WARREN LLP**
  Becca J. Wahlquist (State Bar No. 215948)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4900
Facsimile: (213) 547-4901
bwahlquist@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
  Lauri A. Mazzuchetti (*Pro Hac Vice Pending*)
  Glenn T. Graham (State Bar No. 338995)
One Jefferson Road
Parsippany, New Jersey 07054
Telephone:    (973) 503-5917
Facsimile:    (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| CRYSTAL CHAPMAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>SUNRUN INC.<br><br>                    Defendant. | Case No. 3:22-cv-2770<br><br>**DEFENDANT SUNRUN INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Action Filed: May 10, 2022<br><br>Trial Date: None Set |

Defendant Sunrun Inc. ("Sunrun") hereby responds to the Complaint of plaintiff Crystal Chapman ("Plaintiff") by filing this Answer and Affirmative Defenses.

## I.   INTRODUCTION

1. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, on that basis, denies the allegations in paragraph 1.

2. Sunrun admits that Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), but denies that Sunrun violated the TCPA or any other law and denies the remaining factual allegations contained in paragraph 2 of the Complaint.

3. Sunrun denies the allegations contained in paragraph 3 of the Complaint.

4. Sunrun denies the factual allegations contained in paragraph 4 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

## II.   PARTIES

5. Sunrun is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Sunrun admits that it is a corporation.

7. Sunrun admits that it is a Delaware corporation.

8. Sunrun denies the allegations contained in paragraph 8 of the Complaint.

## III.   JURISDICTION AND VENUE

9. Sunrun denies the allegations contained in paragraph 9 of the Complaint, except that it admits Plaintiff brings this action pursuant to the TCPA and this Court has subject matter jurisdiction thereunder. Sunrun denies that Plaintiff brings this action pursuant to CIPA claim and denies it violated the TCPA, CIPA, or any other law. With respect to those remaining allegations

set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

10. Sunrun denies the factual allegations contained in paragraph 10 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

11. Sunrun denies the factual allegations contained in paragraph 11 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

12. Sunrun denies the factual allegations contained in paragraph 12 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

## IV.    FACTS

13. The allegations in paragraph 13 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

14. The allegations in paragraph 14 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

15. The allegations in paragraph 15 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

16. The allegations in paragraph 16 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

17. The allegations in paragraph 17 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

18. Sunrun admits that it sells goods and services related to solar energy.

19. Sunrun denies the allegations contained in paragraph 19 of the Complaint.

20. Sunrun denies the allegations contained in paragraph 20 of the Complaint.

21. Sunrun denies the allegations contained in paragraph 21 of the Complaint.

22. Sunrun denies the allegations contained in paragraph 22 of the Complaint.

23. Sunrun denies the allegations contained in paragraph 23 of the Complaint.

24. Sunrun denies the allegations contained in paragraph 24 of the Complaint.

25. Sunrun denies the allegations contained in paragraph 25 of the Complaint.

26. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Sunrun denies the allegations contained in paragraph 31 of the Complaint.

32. Sunrun denies the allegations contained in paragraph 32 of the Complaint.

33. Sunrun denies the allegations contained in paragraph 33 of the Complaint.

34. Sunrun denies the allegations contained in paragraph 34 of the Complaint.

35. Sunrun denies the allegations contained in paragraph 35 of the Complaint.

36. Sunrun denies the allegations contained in paragraph 36 of the Complaint.

37. Sunrun denies the allegations contained in paragraph 37 of the Complaint.

38. Sunrun denies the allegations contained in paragraph 38 of the Complaint.

39. Sunrun denies the allegations contained in paragraph 39 of the Complaint.

40. Sunrun denies the allegations contained in paragraph 40 of the Complaint.

41. Sunrun denies the allegations docons contained in paragraph 41 of the Complaint.

42. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Sunrun denies the allegations contained in paragraph 43 of the Complaint.

## V. CLASS ACTION ALLEGATIONS

44. Sunrun admits that Plaintiff purports to bring this action on behalf of herself and two putative classes. Sunrun denies that this case is appropriate for class treatment and denies that the putative classes are valid or appropriate. Sunrun denies the factual allegations contained in paragraph 44 of the Complaint.

45. Sunrun admits that Plaintiff purports to bring this action on behalf of herself and two putative classes. Sunrun denies that this case is appropriate for class treatment and denies that the putative classes are valid or appropriate. Sunrun denies the factual allegations contained in paragraph 45 of the Complaint.

46. Sunrun denies the factual allegations contained in paragraph 46 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

47. The allegations in paragraph 47 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

48. Sunrun admits that it is among the largest solar energy companies in the United States.

49. Sunrun admits that its stock is publicly traded.

50. The allegations in paragraph 50 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

51. The allegations in paragraph 51 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

52. The allegations in paragraph 52 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

53. The allegations in paragraph 53 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

## VI. FIRST CLAIM FOR RELIEF

54. Sunrun incorporates its responses to paragraphs 1 through 53 as though fully set forth therein.

55. Sunrun denies the allegations contained in paragraph 55 of the Complaint.

56. Sunrun denies the allegations contained in paragraph 56 of the Complaint.

57. Sunrun denies the allegations contained in paragraph 57 of the Complaint.

58. Sunrun denies the allegations contained in paragraph 58 of the Complaint.

## VII. SECOND CLAIM FOR RELIEF

59. Sunrun incorporates its responses to paragraphs 1 through 58 as though fully set forth therein.

60. Sunrun denies the allegations contained in paragraph 60 of the Complaint.

61. Sunrun denies the allegations contained in paragraph 61 of the Complaint.

62. Sunrun denies the allegations contained in paragraph 62 of the Complaint.

63. Sunrun denies the allegations contained in paragraph 63 of the Complaint.

## VIII. PRAYER FOR RELIEF

Sunrun denies that Plaintiff is entitled to any of the relief she seeks in the "WHEREFORE" paragraph of the Complaint.

### AFFIRMATIVE DEFENSES

By way of further response, Sunrun asserts and alleges the following Affirmative Defenses to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Sunrun had prior express consent, permission, or an invitation to place any phone calls at

issue, including to Plaintiff and/or the putative class members.

### THIRD AFFIRMATIVE DEFENSE

Sunrun had established a relationship with the recipients of any phone calls, including with Plaintiff and the putative classes and such relationship bars Plaintiff's and the putative classes' claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims against Sunrun must be dismissed because neither Plaintiff nor the absent classes have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Sunrun alleges that at all times mentioned in the Complaint, Sunrun acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose.  Further, Sunrun acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Sunrun were justified under the circumstances based on the information reasonably available to Sunrun.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join the necessary and indispensable parties in this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative classes' are barred by *res judicata* and/or otherwise released.

### EIGHTH AFFIRMATIVE DEFENSE

Sunrun alleges that the award of statutory penalties against Sunrun would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims under the TCPA are unconstitutional.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims against Sunrun are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

**TWELFTH AFFIRMATIVE DEFENSE**

Sunrun alleges that by Plaintiff's and the absent class members' conduct, representations, and omissions, upon which Sunrun detrimentally relied, Plaintiff and the absent class members are equitably estopped from asserting any claim for relief against Sunrun.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Sunrun alleges that Plaintiff and/or the putative classes have expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and/or the putative classes are barred from pursuing claims alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Sunrun alleges that Plaintiff and the putative classes are not entitled to any relief because Sunrun's conduct did not proximately cause any damages, injury, or loss to Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Sunrun alleges that by conduct, representations, and omissions, Plaintiff and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against Sunrun respecting the matters that are the subject of the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' claims against Sunrun are barred because the phone calls that are the subject of the Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Sunrun for such phone calls would violate its First Amendment rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' claims are barred because Sunrun did not engage in willful and/or knowing misconduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Sunrun did not place the alleged phone calls to Plaintiff and/or putative class members.

**NINETEENTH AFFIRMATIVE DEFENSE**

Sunrun is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff and the putative classes would receive more money than they are entitled to receive.

**TWENTIETH AFFIRMATIVE DEFENSE**

The alleged injuries and/or damages sustained by Plaintiff and the putative classes are the result of conduct of a person or persons over whom Sunrun exercised no control.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes are not entitled to relief under 47 U.S.C. § 227(c)(5) because Sunrun did not make any alleged telephone solicitations to them on their residential telephone lines.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Claims on behalf of the putative class members are subject to arbitration provisions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Sunrun is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Sunrun's maintenance of procedures reasonably adapted to avoid any such error.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members are not residential subscribers.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class members claims are barred in that they agreed to adjudicate their claims through arbitration.


**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Sunrun states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Sunrun reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Sunrun prays for judgment as follows:

1. That Plaintiff take nothing by reason of their Complaint;

2. That judgment be entered against Plaintiff and in favor of Sunrun;

3. That Sunrun recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Sunrun such other and further relief as it deems just and proper.

Dated: July 1, 2022

Respectfully Submitted,

KELLEY DRYE & WARREN LLP
Lauri A. Mazzuchetti (*Pro Hac Vice Pending*)
Becca J. Wahlquist
Glenn T. Graham

By: */s/ Glenn T. Graham*
    Glenn T. Graham
    *Attorneys for Defendant*