Adam J Schwartz (SBN 251831)
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
adam@ajschwartzlaw.com
(323) 455-4016

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CRYSTAL CHAPMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SUNRUN INC.<br><br>Defendant. | Case No. 3:22-cv-2770-TLT<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER[1]** |

---

[1] The parties filed the initial case management statement on August 18, 2022 and attended an initial conference before Judge Donato on August 25, 2022. (Dkt. Nos. 27, 28.) The Court has not yet entered a scheduling order.

Plaintiff Crystal Chapman and Defendant Sunrun Inc. (collectively the "Parties") hereby respectfully submit this Joint Case Management Statement and Proposed Order:

1. **Jurisdiction and Service**

This Court has subject matter jurisdiction over Plaintiff' claims pursuant to 28 U.S.C. § 1331. All defendants have been served. The Court has personal jurisdiction. Venue is proper.

2. **Facts**

PLAINTIFF STATES: This case involves a campaign by Sunrun to market its solar services through the use of pre-recorded telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA"). Moreover, Sunrun made telemarketing calls that, like Mrs. Chapman's, were registered on that National Do Not Call Registry.

SunRun has offered a number of assertions regarding what it believes FiveStrata, LLC ("FiveStrata") did, and subject to receiving certain documents from SunRun, Plaintiff intends to move to amend the complaint to include FiveStrata, LLC. Notably, the Plaintiff has also not received any documentation from FiveStrata in response to a subpoena issued to them.

SUNRUN STATES: Sunrun denies that it, or any third party acting "on behalf of" Sunrun, placed any outbound calls to Plaintiff in violation of the TCPA. Sunrun understands that majority of the calls about which Plaintiff complains in the Complaint were made by a third party, FiveStrata, LLC ("FiveStrata"), and were based on "prior express written consent" that FiveStrata states was provided through one of its TCPA-compliant web forms. FiveStrata does not make calls "on behalf of" Sunrun, nor does it act as Sunrun's agent. Rather, Sunrun has a contract with FiveStrata under which FiveStrata may offer certain types of customer leads to Sunrun that meet certain criteria. Pursuant to that agreement, FiveStrata is not permitted to, among other things, offer customer leads to Sunrun unless the customer has provided the requisite level of consent to

be contacted by Sunrun, and the lead is generated in a manner that complies with the TCPA and other laws.

Plaintiff alleges in her Complaint that a call on March 24, 2022 was transferred to Sunrun. Plaintiff also alleges that she "never consented to receive calls from Sunrun." Prior to the March 24, 2022 call with FiveStrata being transferred, Plaintiff's husband expressly agreed to receive calls from Sunrun on the "Chapman Phone Number" (Plaintiff's phone number), and agreed that he was providing such permission even if the Chapman Phone Number was listed on any State or Federal Do Not Call list. FiveStrata has reported that since September 26, 2020 – the start of the class period as pled by Plaintiff in her Complaint – it has offered to Sunrun only a small handful of leads for consumers who also submitted their information using the same web form from which Plaintiff's information was obtained.

Sunrun also denies that this case is appropriate for class treatment.

3. **Legal Issues**

PLAINTIFF STATES: The primary legal issues are:

(a) Whether Defendant, or a third party on their behalf, used a pre-recorded or artificial voice to place calls to Plaintiff and proposed class members; (b) Whether Defendant, or a third party on their behalf, called residential numbers on the National Do Not Call Registry; (c) Whether the Defendant's vicariously liable for any of the calling done by a third party; (d) Whether Defendant had Plaintiff's and proposed class members' prior express written consent before calling them; and (e) Whether the calls violated the TCPA, 47 U.S.C. § 227(b)(1) and 47 U.S.C. § 227(c).

SUNRUN STATES: The primary legal issues, include, among other things:

(a) Whether Plaintiff can meet all of the elements to establish a claim under the TCPA under 47 U.S.C. § 227(b)(1)(A)(iii); (b) Whether Plaintiff can meet all of the elements to establish a claim under the TCPA and regulations, 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(c)(2); (c)

Whether Sunrun can be held liable for calls that were made by a third party; (d) Whether the alleged calls used an artificial or prerecorded voice, as contemplated by 47 U.S.C. § 227(b)(1)(A)(iii); (e) Whether Plaintiff consented to receive the alleged calls; (f) Whether Plaintiff suffered any damages; (g) Whether Plaintiff's claims are unconstitutional; (h) Whether Plaintiff's claims are barred by the TCPA's "safe harbor" provision or other "safe harbor" and/or affirmative defenses; (i) Whether Sunrun had an established business relationship with the recipients of any calls which would bar the claims asserted in the Complaint; (j) Whether Plaintiff's claims must be dismissed for lack of sufficient injury-in-fact to establish standing to pursue the claims asserted in the Complaint; (k) Whether class members have released, waived, relinquished, or abandoned any claim for relief against Sunrun; and (l) Whether Plaintiff's claims are suitable for class treatment.

4. **Motions**

PLAINTIFF STATES: After receiving sufficient discovery, Plaintiff intends to file a motion for class certification and a motion for summary judgment regarding liability and damages. Depending on how discovery proceeds, Plaintiff intends to file motions to resolve discovery disputes, motions in limine and expert motions.

SUNRUN STATES: Sunrun anticipates filing a Motion for Summary Judgment. Sunrun may also file a motion to affirmatively deny class certification, as well as discovery motions, motions related to expert witnesses, and motion in limine, if necessary.

5. **Amendment of Pleadings**: The parties propose the date in the table below.

6. **Evidence Preservation**

The parties certify that their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**: The Parties have served initial disclosures.

### 8. **Discovery**

Plaintiff served their first set of discovery requests: interrogatories and requests for production. The Parties further state that they: do not propose any limitations or modifications of the discovery rules; propose that when they served documents on each other except via CM/ECF they do so electronically; anticipate the need for a protective order; and will work on an e-discovery order. The Parties propose the schedule set forth in the table below.

    a.    Scope of Anticipated Discovery

PLAINTIFF STATES: Plaintiff anticipates discovery into (1) electronic data regarding the calls at issue; (2) email and other communications related to the allegations of this case; (3) electronic data tracking any alleged consents to receive calls, including the logs of any servers that obtained any purported consent; (4) electronic data regarding any dialing systems and/or prerecorded and artificial voices used to make the calls at issue; (5) contracts, invoices and other documents relating to the relationships between Defendant and its telemarketing vendors and partners; (6) Defendant's policies and procedures concerning TCPA compliance; and (7) complaints of illegal telemarketing made to the Defendant, and Defendant's responses thereto.

SUNRUN STATES: Sunrun anticipates taking discovery on the following: (1) Plaintiff's written and oral communications and interactions with FiveStrata and/or Sunrun; (2) Plaintiff's alleged damages; (3) facts surrounding Plaintiff's consent to receive calls from, and her relationship with, FiveStrata and/or Sunrun; (4) whether Plaintiff can meet all of the elements to establish a TCPA claim; (5) whether Plaintiff can meet the requirements of Rule 23; and (6) any additional subjects as they arise in discovery.

### 9. **Class Actions**

The Parties propose the deadline for class certification in the table below.

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements. Sunrun maintains that this action is not suitable for class treatment and that Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23, including, but not limited to, the reasons set forth in Section 2.

10. **Related Cases**: None.

11. **Relief**

PLAINTIFF STATES: Plaintiff seeks an injunction, costs and attorney's fees. Plaintiff also seeks statutory damages $1,500 per knowing or willful violation and $500 per other violation. 47 U.S.C. § 227(b)(3), (c)(5).

SUNRUN STATES: Sunrun denies that Plaintiff is entitled to any relief and denies that Plaintiff has suffered any damages. Sunrun further denies that it violated the TCPA or any other law. Sunrun denies that Plaintiff is entitled to attorney's fees, costs or expenses.

12. **Settlement and ADR**

Plaintiff does not yet know the prospects for settlement because they have not yet taken classwide discovery into calling records and any purported consents. The Parties have not engaged in ADR. The parties propose that they engage in private mediation by the deadline in the table below.

13. **The Parties do not consent to proceed before a magistrate judge.**

14. **Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

PLAINTIFF STATES: Plaintiff believes liability may be resolved by motion after discovery has been completed. Plaintiff believes the presentation of evidence at trial is best addressed after the Court rules on class certification.

SUNRUN STATES: As set forth above, Sunrun anticipates filing a motion for summary judgment. Sunrun may also affirmatively move to deny class certification due to Plaintiffs' inability to satisfy the requirements of Federal Rule of Civil Procedure 23. Sunrun submits that discovery should commence with respect to Plaintiff's individual claims first.

16. **Expedited Trial Procedure:** Not applicable.

17. **Scheduling**: Plaintiff proposes the following schedule.  Sunrun agrees with the schedule as it pertains to merits-based discovery on Plaintiffs' claims.  Sunrun submits that class related discovery should not commence until after the Court's rulings on the parties' motions for summary judgment, if at all.

| EVENT | DATE |
|---|---|
| Deadline to join other parties and to amend pleadings | December 23, 2022 |
| Deadline to exchange Federal Rule of Civil Procedure 26(a)(2) expert witness disclosures, including available dates for deposition | May 22, 2023 |
| Deadline to exchange expert witness rebuttal reports | June 30 2023 |
| Deadline to complete expert depositions | July 31, 2023 |
| Deadline to file motions for summary judgment | August 31, 2023 |
| Deadline for Plaintiff to file motion for class certification  [*Sunrun submits that Plaintiffs' motion for class certification (if any) should be deferred until after the completion of merits discovery] | October 2, 2023 |
| Deadline to complete fact and expert discovery | October 2, 2023 |
| Deadline to complete mediation | October 2, 2023 |
| Deadline for Parties to file a supplemental case management plan | Ten days after the Court's ruling on the class certification motion |

18. **Trial**: The parties anticipate a trial will last 5 days.

19. **Disclosure of Non-party Interested Entities or Persons**

Sunrun filed the disclosure as required by Civil Local Rule 3-15.  (Dkt. 23).

20. **Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters**:  None to discuss at this time.

**CLASS ACTION INFORMATION REQUIRED BY CIVIL LOCAL RULE 16-9(b)**

1. **Specific Paragraphs of Federal Rule of Civil Procedure 23**

PLAINTIFF STATES: This action meets the prerequisites of Federal Rule of Civil Procedure 23(a). Plaintiff contend that this action is maintainable as a class action of the type set forth in paragraph (b)(2), (b)(3) and/or (c)(4).

SUNRUN STATES: Sunrun disagrees with Plaintiffs' statement above. Sunrun contends that this action is not suitable to be maintained as a class action and the Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

2. **Description of Classes**

PLAINTIFF STATES: Plaintiff brings this case as a class action on behalf of two classes:

Cellular Telephone Class Definition: Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of two classes (each a "Class," collectively, the "Classes"). The first Class (the "Cellular Telephone Class") is defined as follows: All persons in the United States to whom: (A) Defendant, any of them and/or a third party acting on any of their behalf made a pre-recorded call; to a cellular telephone number; (B) using an artificial or prerecorded voice; between September 26, 2020, and the first day of trial.

DNC Class Definition: The second Class (the "DNC Class") is defined as follows: All persons in the United States to whom: (A) Defendant, any of them and/or a third party acting on any of their behalf sent a telemarketing call; (B) to a residential (including residential cellular) telephone number listed on the NDNCR for at least 31 days before at least two of such communications in a 12-month period; (C) between September 26, 2020 and the first day of trial.

SUNRUN STATES: This action is not suitable to be maintained as a class action. Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23 with respect to either of the proposed classes. Plaintiff claims that the calls made to her violated the TCPA because she did not consent to receive them (Compl. ¶ 31); if Plaintiff had consented, she would have no claim. (*See id.* at ¶ 55, 60.) Sunrun does not make telephone calls to customers or customer prospects without the requisite level of consent from the consumer. And, any vendor from which Sunrun purchases customer leads is contractually required to obtain consumer consent. Plaintiff's putative class definitions, however, include persons who received telemarketing calls – even if they consented and requested to receive the call, and therefore have no possible TCPA claim. Consent will be an individualized issue that will defeat Rule 23's predominance, among other, requirements.

In addition, to the extent Plaintiff alleges that violative calls were made by a third party that was acting on Sunrun's behalf, this requires a legal determination and renders the class definition fail safe. The Ninth Circuit recently ruled that fail safe classes are not permissible. *See Olean Wholesale Grocery Coop, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022) ("A court may not, however, create a 'fail safe' class that is defined to include only those individuals who were injured by the allegedly unlawful conduct").

Nor can Plaintiff represent a class of persons who she claims did not consent to receive calls from Sunrun, when Plaintiff's husband expressly consented to receive calls from Sunrun.

1. **Facts Showing Plaintiff Is Entitled to Maintain the Action under Federal Rule of Civil Procedure 23(a) and (b)**

PLAINTIFF STATES: *Fed R. Civ. P. 23(a)(1), Numerosity*: Hundreds of thousands of consumers have received automated and/or prerecorded calls to their (1) cellular phones and/or (2) residential phones on the National Do Not Call Registry from, or on behalf of, Defendant. The 8 or more TCPA lawsuits filed against Sunrun before this one show that its unsolicited telemarketing was widespread. For example, before this very Court, Sunrun entered into multiple class action settlement agreement with hundreds of thousands of recipients of calls in alleged violation of the TCPA.

*Fed R. Civ. P. 23(a)(2), Commonality*: Questions driving the outcome of this dispute have common classwide answers. Those questions include:

(a) Whether Defendant, or third parties they retained, sent calls with pre-recorded messages;

(b) Whether Defendant's desire to sell solar energy goods and services constitutes an "emergency" within the meaning of the TCPA;

(c) Whether the calls at issue were made to numbers in the United States;

(d) Whether Defendant scrubbed cell phone numbers from its calling lists;

(e) Whether Defendant scrubbed numbers on the National Do Not Call Registry from its calling lists;

(f) Whether Defendant had been sued under the TCPA before the calls at issue; and

(g) Whether Defendant's violations were knowing or willful.

*Fed R. Civ. P. 23(a)(3), Typicality*: Plaintiff's claims are typical of those of their respective classes because they arise from the same course of conduct and seek redress based on the same legal and remedial theories.

*Fed R. Civ. P. 23(a)(4), Adequacy*:

Plaintiff's counsel have litigated TCPA class actions before this Court and others, reaching classwide settlements in dozens of cases—generally for millions or tens of millions of dollars—and litigating one to a jury verdict. In that case, the defendant was found liable and damages were treble by the court to $61 million, or $3,000 per class member. *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 U.S. Dist. LEXIS 203725, at *9-10 (M.D.N.C. Dec. 3, 2018). Mrs. Chapman is likewise committed to the classes.

*Fed. R. Civ. P. 23(b)(2), Applicability*: For several of the same reasons that commonality is satisfied, Sunrun has acted on grounds generally applicable to the entire classes, so that a permanent injunction for the benefit of the entire classes is appropriate. That Sunrun's past run-ins with the TCPA have not caused it to stop its automated telemarketing shows that an injunction is necessary to protect the recipients of its robocalls.

*Fed. R. Civ. P. 23(b)(3), Predominance*: For several of the same reasons that commonality is satisfied, predominance is satisfied.

*Fed. R. Civ. P. 23(b)(3), Superiority*: For every 7,000,000 robocalls, there's only one TCPA lawsuit in federal court. *Compare* Herb Weisbaum, It's Not Just You—Americans Received 30 Billion Robocalls Last Year, NBC News (Jan. 17, 2018), https://www.nbcnews.com/business/consumer/it-s-not-just-you-americans-received-30-billion-robocalls-n838406 (30.5 billion robocalls); *with* WebRecon, WebRecon Stats for Dec 2017 & Year in Review (last visited May 20, 2019), https://webrecon.com/webrecon-stats-for-dec-2017-year-in-review/ (4,392 TCPA complaints). That is so in part because "the statutory damages provided by the TCPA are not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation."

*Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2016 U.S. Dist. LEXIS 188999, at *29 (N.D. Cal. Aug. 22, 2016) (quotation marks omitted) (collecting cases).

SUNRUN STATES: As set forth above, Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23 with respect to either of the proposed classes. Plaintiff claims that the calls made to her violated the TCPA because she did not consent to receive them (Compl. ¶ 31); if Plaintiff had consented, she would have no claim. (*See id.* at ¶ 55, 60.) Sunrun does not make telephone calls to customers or customer prospects without the requisite level of consent from the consumer. And, any vendor from which Sunrun purchases customer leads is contractually required to obtain consumer consent. Plaintiff's putative class definitions, however, include persons who received telemarketing calls – even if they consented and requested to receive the call, and therefore have no possible TCPA claim. Consent will be an individualized issue that will defeat Rule 23's predominance, among other, requirements.

In addition, to the extent Plaintiff alleges that violative calls were made by a third party that was acting on Sunrun's behalf, this requires a legal determination and renders the class definition fail safe. The Ninth Circuit recently ruled that fail safe classes are not permissible. *See Olean Wholesale Grocery Coop, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022). Nor can Plaintiff represent a class of persons who she claims did not consent to receive calls from Sunrun, when Plaintiff's husband expressly consented to receive such calls.

3. **Proposed Date**

The Parties propose that Plaintiff file her motion for class certification by the date in the table above. Sunrun maintains that class discovery should not commence, if at all, until after the Court issues its decision on the parties' summary judgment motions.

## SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from the other signatories.

RESPECTFULLY SUBMITTED AND DATED on October 14, 2022.

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, *Admitted Pro Hac Vice*
anthony@bparonichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

Edward A. Broderick, *Admitted Pro Hac Vice*
ted@broderick-law.com
BRODERICK LAW, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

Andrew W. Heidarpour, *Pro Hac Vice Forthcoming*
AHeidarpour@HLFirm.com
HEIDARPOUR LAW FIRM, PPC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

*Attorneys for Plaintiff and the Proposed Classes*

**KELLEY DRYE & WARREN LLP**

*/s/ Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti (*Pro Hac Vice*)
Glenn Graham (State Bar No. 338995)
One Jefferson Road
Parsippany, New Jersey 07054
Telephone:     (973) 503-5900

Facsimile:      (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

Becca J. Wahlquist (State Bar No. 215948)
Kelley Drye & Warren LLP
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (231) 547-4900
Facsimile: (231) 547-4901
bwahlquist@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

---

- 12 -

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
*Chapman v. Sunrun Inc.*, Case No. 3:22-cv-2770

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case. All parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
Hon. Trina L. Thompson
United States District Judge